UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ANTHONY JAMES,

        Plaintiff,

v.

        Case Number 09-12738-BC
        Honorable Thomas L. Ludington

DEBRA SCOTT,

        Defendant.
_____/

## ORDER OVERRULING PETITIONER'S OBJECTION, ADOPTING JUDGE KOMIVES' REPORT AND RECOMMENDATION, DENYING PETITION FOR A WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR PERMISSION TO PROCEED IN FORMA PAUPERIS ON APPEAL

Magistrate Judge Paul J. Komives issued a report and recommendation [Dkt. # 12] on June 28, 2010, recommending that the Court deny Petitioner Anthony James' application for a writ of habeas corpus [Dkt. # 1] as well as his motion to grant the petition [Dkt. # 6]. Any party may serve and file written objections "[w]ithin fourteen days after being served with a copy" of the report and recommendations. 28 U.S.C. § 636(b)(1). The district court will make a "de novo determination of those portions of the report . . . to which objection is made." *Id.* The Court is not obligated to review the portions of the report to which no objection was made. *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985).

On July 9, 2010, Petitioner raised a single objection to Judge Komives report and recommendation. [Dkt. # 13]. Petitioner contends that Judge Komives did not adequately address his contention that his conviction for possession of a firearm during the commission of a felony ("felony firearm"), Mich. Comp. Laws § 750.227b, was improperly predicated on his conviction for carrying a concealed weapon ("CCW"), Mich. Comp. Laws § 750.227, in violation of Michigan law

and the Double Jeopardy Clause.

In addition to the convictions for felony firearm and CCW, Petitioner was also convicted of possession of a firearm by a convicted felon, Mich. Comp. Laws § 750.224f. All three convictions arose out of a single course of conduct and Petitioner's possession of a single firearm. Judge Komives correctly summarized the question as "whether the Michigan legislature intended that a person who commits a violation of the CCW, felon in possession, and felony-firearm statutes through a single possession of a single firearm, face punishment for each separate statutory violation." R&R at 20. Judge Komives continued:

> With respect to multiple punishments for felon-in-possession and felony firearm, the federal and state courts have repeatedly held that the Michigan legislature intended multiple punishments to be imposed for a single possession which violates both statutes. *See White v. Howes*, 586 F.3d 1025, 1029–33 (6th Cir. 2009); *Mattox v. Davis*, 549 F. Supp. 2d 877, 915–17 (W.D. Mich. 2008); *People v. Calloway*, 469 Mich. 448, 452, 671 N.W.2d 733, 735 (2003). Likewise, the Michigan courts have held that the legislature intended to authorize multiple punishments for a single possession which violates both the CCW and felon-in-possession statutes. *See People v. Mayfield*, 221 Mich. App. 656, 661–62, 562 N.W.2d 272, 275 (1997). Finally, although CCW may not be used as a predicate felony to support a felony-firearm charge, see Mich. Comp. Laws § 750.227b(1), the Michigan courts have concluded that the Michigan legislature intended a single possession which violates both the CCW and felony-firearm statutes to be punished separately "when the felony firearm conviction is based on a felony distinct from carrying a concealed weapon." *People v. Dillard*, 246 Mich. App. 163, 171 n.5, 631 N.W.2d 755, 760 n.5 (2001); *see also*, *People v. Sturgis*, 427 Mich. 392, 405–10, 397 N.W.2d 783, 788–90 (1986).

There is no error in Judge Komives' analysis. Petitioner was convicted of CCW, possession of a firearm by a convicted felon, and felony firearm. Although CCW cannot be the predicate offense for a felony firearm conviction, Mich. Comp. Laws § 750.227b(1), possession of a firearm by a convicted felon is an appropriate predicate offense for a felony firearm conviction. *See White v. Howes*, 586 F.3d 1025, 1029 (6th Cir. 2009) ("[T]he Michigan Legislature intended to include

felon-in-possession as a predicate felony for the purposes of the felony-firearm statute.") (citing *People v. Mitchell*, 575 N.W.2d 283 (Mich. 1998)). Accordingly, when Petitioner committed the felony of possession of a firearm by a convicted felon, he also committed the felony of possession of a firearm during the commission of a felony. Indeed, it is impossible to violate the felon in possession statute without simultaneously violating the felony firearm statute. "[S]imply because two criminal statues may be construed to proscribe the same conduct . . . does not mean that the Double Jeopardy Clause precludes the imposition, in a single trial, of cumulative punishments pursuant to those statutes . . . ." *Id.* (quoting *Missouri v. Hunter*, 459 U.S. 359, 365–66 (1983). The Sixth Circuit concluded in *White* that a conviction for CCW, felon in possession of a firearm, and felony firearm, predicated on the felon in possession conviction, does not violate the Double Jeopardy Clause. 586 F.3d at 1032. Nor does Petitioner's conviction in this case.

Petitioner also contends that even if felon in possession could have been an appropriate predicate offense to the felony firearm conviction, the state trial court did not actually reach that conclusion. Rather, Petitioner argues, the trial court concluded that CCW was an appropriate predicate offense for a felony firearm conviction even though CCW is specifically excepted as a predicate offense in the felony firearm statute. Mich. Comp. Laws § 750.227b(1). For support, Petitioner points to the initial judgment and commitment order, which provided for the felony firearm conviction to run consecutive to both the CCW conviction and the felon in possession conviction. [Dkt. # 13]. The judgment suggests, at least implicitly, that both CCW and felon in possession were predicate offenses to the felony firearm conviction.

Petitioner's contention is without merit. First, the trial judge corrected his own error; the amended judgment and commitment order, dated July 19, 2006, correctly notes that the CCW and

felony firearm convictions run concurrently, but the felon in possession and felony firearm convictions run consecutively. Moreover, it is not the role of a federal habeas court to correct errors of state law, but only constitutional errors. Petitioner has not demonstrated that the apparent typographical error in the initial judgment and commitment order carries constitutional significance. There was sufficient evidence to support the felony firearm conviction based on the predicate offense of felon in possession of a firearm.

Accordingly, it is **ORDERED** that the Judge Komives' report and recommendation [Dkt. # 12] is **ADOPTED**.

It is further **ORDERED** that Petitioner's objection [Dkt. # 13] is **OVERRULED**.

It is further **ORDERED** that Petitioner's motion to grant petition for writ of habeas corpus [Dkt. # 6] is **DENIED**.

It is further **ORDERED** that the petition for a writ of habeas corpus [Dkt. # 1] is **DENIED WITH PREJUDICE**.

It is further **ORDERED** that a certificate of appealability and permission to proceed in forma pauperis on appeal are **DENIED**.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated: August 25, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 25, 2010.

s/Tracy A. Jacobs<br>TRACY A. JACOBS